**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HENRY L. STEWARD, : 
                         :    Civil Action No. 14-1214 (MAS)
                         :
        Plaintiffs, :
                         :
        v.               :    **OPINION**
                         :
A.A. BAILS BONDSMAN AGENCY, :
                         :
        Defendant. :

**APPEARANCES:**

        HENRY L. STEWARD, Plaintiff pro se
        # 512292
        Mercer County Correction Center
        P.O. Box 8068
        Trenton, New Jersey 08650

**SHIPP**, District Judge

        Plaintiff, Henry L. Steward, a state inmate confined at the Mercer County Correction Center in Trenton, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. This action was administratively terminated by Order entered on March 5, 2014, because Plaintiff's application to proceed *in forma pauperis* ("IFP") was deficient. (ECF No. 2.) Plaintiff thereafter submitted an IFP application on March 19, 2014, asking that his case be re-opened. (ECF No. 3.) By Order entered on May 30, 2014, this case was re-opened for review of Plaintiff's IFP application and for screening of the Complaint. (ECF No. 4.) Based on Plaintiff's affidavit of indigence and prison account statement, the Court will grant Plaintiff's

IFP application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly.

Further, having screened the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that the Complaint should be dismissed for failure to state a claim. As discussed below, the sole named Defendant is not a state actor, and the allegations of the Complaint do not support any claim that Defendant was acting under color of state law, or otherwise in concert with State officials, such that Defendant's actions could be deemed attributable to State action, a necessary element of a claim under 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff, Henry L. Steward ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983, against Defendant A.A. Bails Bondsman Agency, alleging that Defendant has refused to release Plaintiff on bail in breach of contract. (ECF No. 1, Complaint, ¶¶ 1a, 4b.) The complaint alleges that A.A. Bails Bondsman Agency, a private bail bond agency, provided Plaintiff with a bail bond after Plaintiff's arrest and original charge on June 12, 2011. In August 2011, Plaintiff was incarcerated for ten months in federal custody for violation of probation, but Plaintiff and his wife continued to make payments to the bail bond agency. When Plaintiff was released from federal custody, he was transferred to state custody due to a warrant for missing a court date. Plaintiff was released on July 1, 2012. Plaintiff claims that after his release, he obtained a job and made every payment on his bail bond. However, in March 2013, Plaintiff and his wife initiated divorce proceedings, and in June 2013, Plaintiff was arrested because Plaintiff's wife reported the family car stolen. The charges were dismissed but Plaintiff was transferred to

2

Mercer County Correction Center because Plaintiff had failed to appear for a July 22, 2013 court date. Those charges were later dismissed on September 6, 2013. (*Id.*, ¶ 6.)

Plaintiff complains that the Judge reinstated his bail, but Defendant A.A. Bails Bondsman Agency declined to provide a bail bond because Plaintiff had missed too many payments. (*Id.*) Plaintiff seeks to be released on bail so that he can attend marriage counseling. He claims that Defendant A.A. Bails Bondsman Agency's refusal to issue a bond for his release is hindering that process and is causing his wrongful confinement and mental anguish. (*Id.*, ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs the district court to screen the complaint for cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.

2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility. ... "[A]llegations that are no more than conclusions are not entitled to the assumption of truth; ... [a court should] "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 678-79). Thus, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 20011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

### III.  DISCUSSION

To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of state law" to deprive him of a right secured by the federal Constitution or laws.[1] *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Groman v.*

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

*Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Id.* at 638 (citation omitted). The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State: (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State, or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible; and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. *See id.* at 936–39.

The United States Supreme Court has articulated several instances where a private party's actions may be fairly attributed to state action, explaining that such attribution accrues if: (1) a private defendant's wrongful activity results from the State's coercive power; (2) the State provides significant encouragement to a private defendant's wrongful activity; (3) a private defendant engages in a wrongful conduct while acting jointly with the State or its agents; (4) a nominally private defendant is effectively controlled by the State during the defendant's wrongful activity; (5) a private defendant has been delegated a public function by the State and used that delegation to engage in the wrongful activity; or (6) the government manages or controls a private defendant in connection with the defendant's wrongful activity. *See Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001).

Generally, courts have held that bail bondsmen are not state actors, noting that the acts of receiving bail money and applying it to the bond of a prisoner are not traditional government

actions but rather, those of a private citizen or corporation. *See, e.g., Murillo v. Liz and Stan Bail Bonds, Inc.*, 138 F. App'x 868, 869 (8th Cir. 2005); *Dean v. Olibas*, 129 F.3d 1001, 1005-06 (8th Cir. 1997); *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 204-05 (5th Cir. 1996); *Lafayette v. Prince*, Civil No. 5:12cv122, 2013 WL 2637191, *2 (E.D. Tex. Jun. 11, 2013); *Erwin v. Byrd's Bail Bonding*, Civil No. 2:10-1948, 2010 WL 3463881, *2 (D.S.C. Aug. 5, 2010); *Jacobs v. A Robert Depersia Agency*, Civil No. 09-180 (JBS), 2009 WL 799944, *3 (D.N.J. Mar. 20, 2009). *See also Green v. Abony Bail Bond*, 316 F. Supp.2d 1254, 1260–61 (M.D.Fla. 2004) (bail bondsmen are not state actors; collecting cases). Moreover, the licensing and regulation of bail bondsmen do not transform bail bondsmen into state actors. *Murillo, supra* (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982) and *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990)). However, bail bondsmen have been held to be state actors in certain discrete factual contexts, such as when making arrests with the assistance of law enforcement officers or acting in concert with police action. *See Lopez v. Zouvelos*, Civil No. 13-CV-6474 (MKB), 2014 WL 843219, *4 (E.D.N.Y. Mar. 4, 2014).

In this case, the A.A. Bails Bondsman Agency did not act jointly or in concert with Government officials in any way that would constitute state action. Defendant simply provided Plaintiff with an initial bail bond. Thus, Defendant cannot be qualified as a state actor because Defendant's decision to give a bond neither resulted from the State's exercise of "coercive power," nor accrued with the State's significant encouragement, willful participation, control, delegation or any other forms of State activity. Since Defendant's action at issue cannot be fairly attributed to the State, Plaintiff's allegations against Defendant fail to meet the threshold "color of law" requirement, and the Complaint must be dismissed for failure to state claim upon which relief may be granted.

Moreover, while this Court is mindful of the Third Circuit's teaching that a pro se civil complaint, generally, should not be dismissed without allowing the litigant an opportunity to amend, *cf. Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000), a dismissal with prejudice appears appropriate in the instant matter. Plaintiff named A.A. Bails Bondsman Agency as the sole Defendant in this action, and the allegations against Defendant unambiguously indicate that, in this action, Plaintiff intended to challenge solely the activity of Defendant as a private bail bond agency in refusing to issue bail money for Plaintiff. Indeed, Plaintiff alleges breach of contract as part of his claim against Defendant. Therefore, because Defendant's status as a private bail bond agency cannot be changed by Plaintiff's re-pleading, this Court finds leave to amend futile.

## IV. CONCLUSION

For the reasons set forth above, the Complaint is dismissed with prejudice, in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. An appropriate order follows.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
United States District Judge

Dated: 9/25/14